## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES DENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-1356-MJR-SCW** |
| | ) | |
| **JEFFREY M. DENNISON, JOHN** | ) | |
| **BALDWIN, and BRETT NEIGHBORS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Plaintiff Charles Dent, who is incarcerated at Shawnee Correctional Center, alleges that the conditions of his confinement are unconstitutionally poor. Before the Court is a motion for temporary restraining order and preliminary injunction (Doc. 3) filed by Dent along with his initial complaint. Defendants responded to the motion (Doc. 15) and also filed a supplemental response (Doc. 17). Dent has filed multiple replies and supplements, as well. (Docs. 25, 26, 29, 46, 58). Related to his request for injunctive relief, Dent filed two motions for inspection (Docs. 4, 35), in which he requested that photographs be taken of the conditions in certain areas of Shawnee or that an independent representative of the Court inspect the premises in person.

The motion for preliminary injunction was referred to Magistrate Judge Stephen C. Williams. Following an evidentiary hearing on May 21, 2018, Judge Williams directed Defendants to produce additional photographs of Dent's cell, which they did. After considering the briefing and supplemental filings by the parties, Magistrate Judge

Williams issued a report and recommendation (Doc. 64) recommending that the undersigned deny Dent's motion for preliminary injunction. Judge Williams then denied as moot Dent's motions for inspection (Docs. 4, 35).

Dent timely filed objections (Doc. 67) to which Defendants did not respond. Dent disagrees with the recommendation to deny his motion for preliminary injunction and with Judge Williams' decision to deny the motions for inspection as moot. The motion for temporary restraining order and preliminary injunction is dispositive, and the Court undertakes *de novo* review of the portions of the report pertaining to injunctive relief to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* The rulings on the motions for inspection are non-dispositive. The Court must consider Plaintiff's timely objections to a non-dispositive order and "modify or set aside any part of the order that is clearly erroneous or contrary to law." **Fed. R. Civ. P. 72(a); Hall v. Norfolk Southern Railway Co., 469 F.3d 590, 594-95 (7th Cir. 2006).** Under the clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.* **126 F.3d 926, 943 (7th Cir. 1997).**

## MOTION FOR INJUNCTIVE RELIEF

During his incarceration at Shawnee Correctional Center, Charles Dent has been housed in eight different cells, each of which he alleges have serious deficiencies that Defendants refuse to address or repair. Dent complains that vents in the cells are

clogged with rust and dust, preventing air from circulating. At the same time, windows in several cells were broken or had faulty screens, allegedly exposing him to the elements or to insect bites. Dent claims that broken and loose floor tiles contain asbestos fibers and that mattresses provided to him were covered in feces, urine, and rust. He has not been given a mattress cover to protect him from germs on the mattresses, and he complains that the sheets provided have been stained and torn. Dent also alleges that the toilets do not flush properly, though the photographs from Defendants indicate otherwise. Additionally, Dent indicates that the showers have no hot water and are covered in dirt and mold.

Defendants disagree with Dent's description of the condition of his cells and provided the court with testimony and affidavits contesting Dent's complaints. As of the time of filing of Dent's third supplement to the motion for preliminary injunction, he was housed in a new cell. While he complains about certain conditions in the new cell, including the continued lack of a mattress cover, Dent acknowledges that his current cell and shower room are in better condition than his previous cells, but he alleges that he still has a thin, rusty mattress with no mattress cover and that there are holes in his window screens.

As the review of the motion for temporary restraining order and preliminary injunction is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." ***Mendez v. Republic Bank*, 725**

**F.3d 651, 661 (7th Cir. 2013).** A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997)(emphasis in original).** *Accord Winter v. Natural Res. Def. Council, Inc.,* **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right")(citation omitted).** To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010)(citing *Winter*, 555 U.S. at 20).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, **612 F.3d at 546. (citation omitted)**

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, **682 F.3d at 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and**

discretionary authority over the institutions they manage.")(internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the Court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978); and** *W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958)).**

Turning first to Dent's likelihood of success on the merits of his claim that his conditions of confinement are inhumane, Dent must prove that he is housed under conditions that are "'sufficiently serious' so that 'a[jail] official's act or omission results in the denial of the minimal civilized measure of life's necessities.'" *Townsend v. Fuchs*, **522 F.3d 765, 773 (7th Cir. 2008)(quoting** *Farmer v. Brennan*, **511 U.S. 825, 834 (1994))**. If Dent establishes that the conditions of his confinement rise to the level of being sufficiently serious, then he must show that the defendants were deliberately indifferent to those conditions. *Id.*

Dent's objection to the report and recommendation focuses on the consideration Magistrate Judge Williams gave to Dent's current conditions of confinement as opposed to conditions in his previous cells and throughout Shawnee Correctional Center. When weighing whether to grant a mandatory injunction directing Defendants to transfer Dent or to repair the areas of Shawnee where he is housed, the condition of Dent's

current cell is relevant. Nonetheless, the undersigned considers all of the evidence regarding conditions of confinement at Shawnee, as this review is *de novo*, and notes that the lack of sanitary living conditions may rise to the level of denying the minimal civilized measure of life's necessities. ***See Townsend*, 522 F.3d at 774**. Here, however, the record does not support finding that Dent carried his burden of showing that his living conditions are unsanitary.

From the photographs provided by Defendants, the conditions at Shawnee do not appear to rise to the level of unsanitary or inhumane. Despite Dent's concern about the cleanliness of his mattress, he has sheets on his bed and has not provided sufficient evidence that the lack of a mattress cover is substantially serious or that his mattress is unsanitary when covered only in sheets. The record does not support finding that Dent faces a serious risk of disease outbreak due to the condition of his mattress or that his sleeping arrangement is otherwise unsanitary. ***Compare Townsend*, 522 F.3d at 774 (citing *McCord v. Maggio*, 927 F.2d 844-846-47 (5th Cir. 1991)(finding Eighth Amendment violation where inmates were provided with mattresses but had to either stand all night or sleep on a wet mattress on a flooded floor)).** Similarly, Dent's other complaints, such as holes in a window screen or unsatisfactory air flow through vents and windows, are not sufficiently serious conditions that rise to the level of being inhumane. The conditions, as currently presented to the Court, are not inhumane or unsanitary, and, accordingly, Dent's likelihood of success on the merits is low.

Given Dent's low likelihood of success on the merits, he must establish a higher likelihood of irreparable harm if injunctive relief is not granted. Dent acknowledges that

he is currently housed in better conditions, resulting in a low likelihood that he faces irreparable harm if Defendants are not ordered to transfer him to another facility or to repair the unsatisfactory conditions alleged in the amended complaint. When compared with the harm faced by Defendants should such an injunction be granted, the balance of harms falls in Defendants favor. Rarely is a transfer the least intrusive means of providing relief to a plaintiff, and Dent has not produced sufficient evidence that the relief he seeks should be granted at this time. Accordingly, the Court **FINDS** that Dent has not made a clear showing that he is entitled to injunctive relief, and his motion for temporary restraining order and preliminary injunction (Doc. 3) is **DENIED**.

## MOTIONS FOR INSPECTION

Dent presents no developed argument to convince the undersigned that Magistrate Judge Williams' decision to deny Dent's motions for inspection (Docs. 4, 35) was clearly erroneous or contrary to law. Following the evidentiary hearing, Defendants provided photographs of the conditions at Shawnee Correctional Center. The production of the photographs rendered moot the motions requesting that photographs be taken, and Dent has not met the high burden of convincing the Court otherwise.

## CONCLUSION

For the above-stated reasons, the Court concludes that Plaintiff Charles Dent has not made a clear showing that he is entitled to preliminary relief. Accordingly, his objections to the report & recommendation are **OVERRULED**. Additionally, Dent has not established that Judge Williams' rulings on his motions for inspection were clearly

erroneous or contrary to law, and Dent's objections to those rulings are **OVERRULED**.

The Court **ADOPTS** the recommendations made by Magistrate Judge Williams and

**DENIES** Dent's motion for temporary restraining order and preliminary injunction

(Doc. 3) and his motions for inspection (Docs. 4, 35).

**IT IS SO ORDERED**.

DATED: September 10, 2018

_s/ Michael J. Reagan_
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**